## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WISCONSIN

DAHL AUTOMOTIVE ONALASKA INC.,
GARBO MOTOR SALES, INC.,  GRIFFIN
FORD LINCOLN FORT ATKINSON, INC.,
JIM OLSON FORD LINCOLN, LLC,
KAYSER FORD, INC.,  KUNES COUNTRY
FORD-LINCOLN, INC., LIDTKE MOTORS,
INC.,  THE MOTOR COMPANY, INC.,
UPTOWN MOTORS, INC., V & H
AUTOMOTIVE, INC., and Y & D CORP.,

              Plaintiffs,

vs.

FORD MOTOR COMPANY,

              Defendant.

Case No. 3:20-cv-00932

## <u>MOTION FOR SUMMARY JUDGMENT</u>

Ford Motor Company ("Ford") moves for summary judgment under Fed. R. Civ. P. 56 because there are no issues of material fact, and because Ford is entitled to judgment in its favor as a matter of law.  All of the claims in Plaintiffs'[1] Amended Complaint fail because they are all premised upon two factually erroneous assertions: 1) that the Lincoln Commitment Program ("LCP") changes the prices at which vehicles are sold to the Plaintiff dealers by Ford; and 2) that the LCP is a performance standard on which dealers are measured.  Discovery, and the Plaintiffs themselves, have confirmed what Ford has asserted from the beginning – that neither of these allegations are true.  In support of its motion, Ford relies upon its Brief in Support, its Statement

---

[1] Plaintiffs Dahl Automotive Onalaska Inc., Garbo Motor Sales, Inc., Griffin Ford Lincoln Fort Atkinson, Inc., Kayser Ford, Inc., The Motor Company, Inc., Uptown Motors, Inc., and V&H Automotive are withdrawing their claims against Ford. ***The four remaining Plaintiffs are Jim Olson Ford Lincoln, LLC, Kunes Country Ford-Lincoln, Inc., Lidtke Motors, Inc. and Y&D Corp.***

of Proposed Findings of Fact, and states as follows:

1.      Ford is entitled to summary judgment in its favor on the entirety of Plaintiffs' claim that Ford has violated Wis. Stat. § 218.0116(1)(vm).  The LCP does not violate Wis. Stat. § 218.0116(1)(vm).  It does not change prices, it does not threaten termination, and it does not coerce a dealer to make facility upgrades.  Further, even if implicated by the statute, the LCP offsets are "received a separate and valuable consideration for the improvement," and thus are permitted by virtue of that exception.

2.      Ford is entitled to summary judgment in its favor on the entirety of Plaintiffs' claim that Ford has violated Wis. Stat. § 218.0116(1)(wm).  The LCP does not violate Wis. Stat. § 218.0116(1)(wm).  It does not change prices, and therefore it necessarily does not and cannot use this phantom "price change" to "coerce" the Plaintiff dealers into providing exclusive facilities.

3.      Ford is entitled to summary judgment in its favor on the entirety of Plaintiffs' claim that Ford has violated Wis. Stat. § 218.0116(1)(z).  Plaintiffs' claim under Wis. Stat. § 218.0116(1)(z) fails because the alleged "price change" does not exist.  The LCP does not change the price a dealer pays for a vehicle.

4.      Ford is entitled to summary judgment in its favor on the entirety of Plaintiffs' claim that Ford has violated Wis. Stat. § 218.0124 and 218.0116(1)(km).  The LCP does not violate Wis. Stat. § 218.0124 or 218.0116(1)(km).  It is a voluntary, optional program that dealers can participate in at their election.  It is not a performance standard on which Ford measures its dealers.

5.      Ford is entitled to summary judgment in its favor on the entirety of Plaintiffs' claim that Ford has violated U.C.C. 2-305 (codified at Wis. Stat. § 402.305).  Plaintiffs' claim

under Wis. Stat. § 402.305 fails because the alleged "price change" does not exist.  The LCP does not change the price a dealer pays for a vehicle, nor is there an open price term.

6.      Ford is entitled to summary judgment in its favor on the entirety of Plaintiffs' claim that Ford has violated the Robinson-Patman Act (15 U.S.C. § 13(a)).  The alleged price differential does not exist, and even if the statute was in some manner applicable, Plaintiffs' claims still would fail because they have not been injured, the LCP is functionally available to them, and they cannot otherwise establish any of the necessary elements of the claim.

7.      Ford is entitled to summary judgment in its favor on the entirety of Plaintiffs' claim that Ford has violated Wis. Stat. § 133.04.  The LCP does not violate Wis. Stat. § 133.04. It does not change prices, and therefore it necessarily cannot be price discrimination designed with the intent to destroy competition.

8.      Ford is entitled to summary judgment in its favor on the entirety of Plaintiffs' claim for injunctive relief, because injunctive relief is a form of relief and is not a cause of action, and is otherwise entirely dependent upon Plaintiffs' remaining claims.

9.      Although not part of this litigation, in the event this Court permits Plaintiffs to file a Second Amended Complaint at this late date, Ford would be entitled to summary judgment in its favor on Plaintiffs' proposed claim for violation of the duty of good faith and fair dealing, because that claim cannot exist independent of a contract, there is no applicable contract provision on which to base a bad faith claim, nor can Plaintiffs identify any bad faith actions.

10.     Although not part of this litigation, in the event this Court permits Plaintiffs to file a Second Amended Complaint at this late date, Ford would be entitled to summary judgment in its favor on Plaintiffs' proposed claim for violation of a different provision of the Robinson-Patman Act (15 U.S.C. § 13(d)), because Plaintiffs have not been injured, the LCP is not a

"service or facility," and even if it was, the LCP is available on proportionally equal terms to all Lincoln dealers.

WHEREFORE, Ford requests that this Court enter an order granting summary judgment in favor of Ford, and dismissing all claims against it with prejudice.

Dated: November 11, 2021                  Respectfully submitted,

                                          /s/ Robert Hugh Ellis
                                          Robert Hugh Ellis, 1057332
                                          DYKEMA GOSSETT PLLC
                                          39577 Woodward Ave., Suite 300
                                          Bloomfield Hills, MI 48304
                                          248-703-0718
                                          rellis@dykema.com
                                          **ATTORNEYS FOR DEFENDANT FORD
                                          MOTOR COMPANY**